DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

PASCUA, NORMA U

Debtor(s)

Chapter 13
Case No. 15-53778 MEH

TRUSTEE'S OBJECTION TO DEBTOR'S
CLAIM OF EXEMPTIONS WITH
CERTIFICATE OF SERVICE

Judge: M. Elaine Hammond

Devin Derham-Burk, Trustee in the above matter, objects to the debtor's claim of exemptions for the following reasons:

1. The Trustee is unable to determine whether the debtor is entitled to take the $175,000.00 homestead exemption pursuant to C.C.P. §704.730 until the following information is provided. The Trustee requests that the debtor provide her with a declaration, signed under penalty of perjury, advising of the following:

    a. Debtor's age;
    b. Whether the debtor is disabled, and if so, whether it is permanent or temporary;

Objection to Claim of Exemptions – 15-53778 MEH

Case: 15-53778    Doc# 23    Filed: 02/18/16    Entered: 02/18/16 17:02:31    Page 1 of 3

c. The amount of the debtor's gross annual income for the current and previous calendar year;

d. Whether the debtor has owned the house for *more than* 3 years, 4 months;

e. Whether, if the debtor has owned the house for *less than* 3 years, 4 months, proceeds from a prior residence located in California were used to purchase the house;

f. Whether the debtor has transferred any assets in the ten (10) years prior to filing the Chapter 13 with intent to hinder, delay or defraud a creditor;

g. Whether the debtor has been convicted of a felony as defined in section 3156 of title 18;

h. Whether the debtor owes a debt arising from—

   (i) any violation of any federal or state securities laws, regulations, or orders;

   (ii) fraud, deceit, or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security registered under section 12 or 15(d) of the Securities Exchange Act of 1934 or under section 6 of the Securities Act of 1933;

   (iii) any civil remedy under section 1964 of title 18; or

   (iv) any criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding 5 years.

If the objection to exemption is not resolved within sixty (60) days, a hearing will be set pursuant to B.L.R. 9014-1(c)(1).

Dated: February 18, 2016            /S/ Devin Derham-Burk
                                    _____
                                    Chapter 13 Trustee

Objection to Claim of Exemptions – 15-53778 MEH

Case: 15-53778    Doc# 23    Filed: 02/18/16    Entered: 02/18/16 17:02:31    Page 2 of 3

# CERTIFICATE OF SERVICE BY MAIL

I declare that I am over the age of 18 years, not a party to the within cause; my business address is 983 University Ave. C-100, Los Gatos, California 95032. I served a copy of the within Trustee's Objection to Debtor's Claim of Exemptions by placing same in an envelope in the U.S. Mail at Los Gatos, California on February 18, 2016.

Said envelopes were addressed as follows:

| NORMA U PASCUA | LAW OFFICES OF GEOFF WIGGS |
| 496 LANFAIR CIR | 1900 S NORFOLK ST #350 |
| SAN JOSE CA 95136 | SAN MATEO CA 94403 |

/S/ Chaovalai Chulasawan
Office of Devin Derham-Burk, Trustee